IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| ASHLEY LEWIS, M.D., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) |
| | ) Case No. 2:22-cv-02191-HLT-ADM |
| UNIVERSITY OF KANSAS, | ) |
| SCHOOL OF MEDICINE | ) |
| | ) |
| Defendant. | ) |

## ANSWER TO COMPLAINT

Defendant University of Kansas School of Medicine-Wichita ("University") answers the Complaint of Plaintiff Ashley Lewis, M.D. (ECF 1) as follows:

### JURISDICTION AND VENUE

1. Answering paragraph 1 of Plaintiff's Complaint, Defendant University admits that Plaintiff purports to bring a case under Title VI and Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.* The University denies that Plaintiff states a valid claim on any theory and denies that Plaintiff is entitled to any of the relief requested. To the extent a further response is required, the University denies the remaining allegations of paragraph 1 of the Complaint.

2. Answering paragraph 2, the University admits.

3. Answering paragraph 3, the University admits that venue is proper in this court pursuant to 28 U.S.C. § 1391(b)-(c). The University denies the remaining allegations of paragraph 3.

{L0070329.1 }                                          1

## PARTIES

4. Answering paragraph 4, the University admits that plaintiff Ashley Lewis, M.D. is a Black former psychiatry residency student in the program sponsored by the University of Kansas School of Medicine-Wichita. The University lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in paragraph 4, and therefore denies those allegations.

5. Answering paragraph 5, the University admits that it is a state-supported educational institution, whose main medical center campus is located in Kansas City, Kansas. The University admits that it receives federal financial assistance. The University denies any remaining allegations contained in paragraph 5.

6. Answering paragraph 6, the University admits that Plaintiff filed an administrative charge with the EEOC regarding some of the claims in this Complaint. The University admits that Plaintiff was issued a right to sue letter as to the University on March 4, 2022, and that this action was filed within 90 days of its issuance. The University denies any remaining allegations contained in paragraph 6.

## FACTUAL ALLEGATIONS

7. Responding to paragraph 7, the University admits that in January 2020, Plaintiff joined the psychiatry residency program in Wichita, Kansas, sponsored by the University of Kansas School of Medicine-Wichita. The University denies the other allegations of paragraph 7, including that Plaintiff was an employee of the University.

8. Responding to paragraph 8 of Plaintiff's Complaint, the University denies.

9. Responding to paragraph 9 of Plaintiff's Complaint, the University lacks knowledge or information sufficient to form a belief about the truth of the allegations contained

in paragraph 9, and therefore denies those allegations. The University denies that the alleged facts constitute the faculty evaluation of Plaintiff's work in January 2020.

10. Responding to paragraph 10 of Plaintiff's Complaint, the University lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 10, and therefore denies those allegations.

11. Responding to paragraph 11 of Plaintiff's Complaint, the University denies that Plaintiff was "falsely labeled as an aggressive, intimidating, unprofessional, and argumentative psychiatric resident who could not be instructed." The University lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in paragraph 11, and therefore denies those allegations.

12. Responding to paragraph 12 of Plaintiff's Complaint, the University denies.

13. Responding to paragraph 13 of Plaintiff's Complaint, the University denies.

14. Responding to paragraph 14 of Plaintiff's Complaint, the University denies.

15. Responding to paragraph 15 of Plaintiff's Complaint, the University denies.

16. Responding to paragraph 16 of Plaintiff's Complaint, the University admits that in February 2020, Plaintiff was placed on an Improvement Plan that included establishment of a relationship with a faculty mentor, who was Dr. Carr. The University lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in paragraph 16, and therefore denies those allegations.

17. Responding to paragraph 17 of Plaintiff's Complaint, the University admits that the program placed Plaintiff on an Improvement Plan that included having a mentor, meeting with a coach, and reading a book about communication. The University denies the remaining allegations contained in paragraph 17.

18. Responding to paragraph 18 of Plaintiff's Complaint, the University lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 18, and therefore denies those allegations.

19. Responding to paragraph 19 of Plaintiff's Complaint, the University lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 19, and therefore denies those allegations.

20. Responding to paragraph 20 of Plaintiff's Complaint, the University admits that Dr. Ciccolari-Micaldi told Plaintiff that her approach with patients and medical students could be aggressive and intimidating. The University lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in paragraph 20, and therefore denies those allegations.

21. Responding to paragraph 21 of Plaintiff's Complaint, the University lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 21, and therefore denies those allegations.

22. Responding to paragraph 22 of Plaintiff's Complaint, the University denies that Dr. Ciccolari-Micaldi was passive aggressive toward Plaintiff. The University lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in paragraph 22, and therefore denies those allegations.

23. Responding to paragraph 23 of Plaintiff's Complaint, the University denies that the decision to move Plaintiff from the Emergency Department was related to a request by Plaintiff to be separated from Dr. Ciccolari-Micaldi. The University lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 23, and therefore denies those allegations.

24. Responding to paragraph 24 of Plaintiff's Complaint, the University denies.

25. Responding to paragraph 25 of Plaintiff's Complaint, the University denies.

26. Responding to paragraph 26 of Plaintiff's Complaint, the University denies.

27. Responding to paragraph 27 of Plaintiff's Complaint, the University denies.

28. Responding to paragraph 28 of Plaintiff's Complaint, the University denies.

29. Responding to paragraph 29 of Plaintiff's Complaint, the University admits that Plaintiff requested a meeting with faculty. The University denies the remaining allegations contained in paragraph 29.

30. Responding to paragraph 30 of Plaintiff's Complaint, the University admits that the program placed Plaintiff on probation on May 12, 2020, and that the probation is an adverse action that would be reportable when entities were verifying Plaintiff's training. The University denies that the probation is likely to have serious consequences on Plaintiff's intended career goals. The University denies that the probation was based off of false accusations. The University lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in paragraph 30, and therefore denies those allegations.

31. Responding to paragraph 31 of Plaintiff's Complaint, the University admits that Plaintiff appealed the probation through the filing of a grievance, and that the program denied Plaintiff's grievance. The University denies that the program ignored Plaintiff's arguments. The University lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in paragraph 31, and therefore denies those allegations.

32. Responding to paragraph 32 of Plaintiff's Complaint, the University admits that the probation letter was based in part on Plaintiff's unsatisfactory performance in the areas of patient care and medical knowledge, including the ordering of an incorrect medication. The

University admits that the patient was not given or administered incorrect medication. The University denies the remaining allegations contained in paragraph 32.

33. Responding to paragraph 33 of Plaintiff's Complaint, the University admits that the probation letter was based in part on Plaintiff's unsatisfactory performance in the areas of patient care and medical knowledge, including putting incorrect information in a patient discharge summary. The University denies the remaining allegations contained in paragraph 33.

34. Responding to paragraph 34 of Plaintiff's Complaint, the University admits that the probation letter was based in part on Plaintiff's unsatisfactory performance in the areas of patient care and medical knowledge, including writing an incomplete patient note on May 5, 2020. The University denies the remaining allegations contained in paragraph 34.

35. Responding to paragraph 35 of Plaintiff's Complaint, the University admits that the probation letter was based in part on Plaintiff's unsatisfactory performance in the areas of patient care and medical knowledge, including lacking the ability to formulate a diagnosis and treatment plan on a complex patient. The University denies the remaining allegations contained in paragraph 35.

36. Responding to paragraph 36 of Plaintiff's Complaint, the University denies.

37. Responding to paragraph 37 of Plaintiff's Complaint, the University admits that Plaintiff did rotations in Senior Behavioral Health in January 2020 and May 2020, that Plaintiff received a satisfactory evaluation for her January rotation, and that Plaintiff received an unsatisfactory evaluation for her May rotation. The University denies the remaining allegations contained in paragraph 37.

38. Responding to paragraph 38 of Plaintiff's Complaint, the University denies.

39. Responding to paragraph 39 of Plaintiff's Complaint, the University denies that Plaintiff was subjected to disparate treatment. The University lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in paragraph 39, and therefore denies those allegations.

40. Responding to paragraph 40 of Plaintiff's Complaint, the University lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 40, and therefore denies those allegations.

41. Responding to paragraph 41 of Plaintiff's Complaint, the University denies.

42. Responding to paragraph 42 of Plaintiff's Complaint, the University denies.

43. Responding to paragraph 43 of Plaintiff's Complaint, the University denies.

44. Responding to paragraph 44 of Plaintiff's Complaint, the University admits that Plaintiff filed a charge of discrimination with the EEOC against the University on or about July 24, 2020. The University lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in paragraph 44, and therefore denies those allegations.

45. Responding to paragraph 45 of Plaintiff's Complaint, the University admits that Plaintiff resigned from the program. The University denies the remaining allegations contained in paragraph 45.

46. Responding to paragraph 46 of Plaintiff's Complaint, the University denies.

## COUNT I: HOSTILE ENVIRONMENT

47. Responding to paragraph 47 of Plaintiff's Complaint, the University incorporates its responses to the previous paragraphs.

48. Responding to paragraph 48 of Plaintiff's Complaint, the University denies.

49. Responding to paragraph 49 of Plaintiff's Complaint, the University denies.

50. Responding to paragraph 50 of Plaintiff's Complaint, the University denies.

## COUNT II: RACIAL DISCRIMINATION

51. Responding to paragraph 51 of Plaintiff's Complaint, the University incorporates its responses to the previous paragraphs.

52. Responding to paragraph 52 of Plaintiff's Complaint, the University denies.

53. Responding to paragraph 53 of Plaintiff's Complaint, the University denies.

54. Responding to paragraph 54 of Plaintiff's Complaint, the University denies.

## COUNT III: RETALIATION

55. Responding to paragraph 55 of Plaintiff's Complaint, the University incorporates its responses to the previous paragraphs.

56. Responding to paragraph 56 of Plaintiff's Complaint, the University denies.

57. Responding to paragraph 57 of Plaintiff's Complaint, the University denies.

58. Responding to paragraph 58 of Plaintiff's Complaint, the University denies.

## COUNT IV: CONSTRUCTIVE DISCHARGE

59. Responding to paragraph 59 of Plaintiff's Complaint, the University incorporates its responses to the previous paragraphs.

60. Responding to paragraph 60 of Plaintiff's Complaint, the University denies.

61. Responding to paragraph 61 of Plaintiff's Complaint, the University denies.

62. Responding to paragraph 62 of Plaintiff's Complaint, the University denies.

## AFFIRMATIVE AND OTHER DEFENSES

1. The University denies each and every allegation contained in Plaintiff's Complaint unless specifically admitted herein.

2. The University had legitimate, non-discriminatory and non-retaliatory reasons for its actions regarding Plaintiff.

3. The University is not liable to Plaintiff under Title VII because it was not Plaintiff's employer.

4. The University denies that Plaintiff is entitled to any relief whatsoever.

5. Plaintiff's damages, if any, are not of the nature or to the extent alleged in the Complaint.

6. Plaintiff is not entitled to damages for emotional distress for claims brought under Title VI, pursuant to *Cummings v. Premier Rehab Keller, P.L.L.C.*, 142 S.Ct 1562, 1576 (April 28, 2022).

7. Plaintiff has failed to mitigate her damages by resigning from the residency program.

8. The University reserves the right to assert any other defenses that may be revealed through the course of discovery.

WHEREFORE, the University prays for judgment in its favor and against the Plaintiff, that the University be awarded costs of this action, and that the Court grant the University such other and further relief as the Court deems equitable and just.

## REQUEST FOR JURY TRIAL

The University hereby requests a trial by jury on all claims so triable.

        Respectfully submitted,

        /s/ Eric J. Aufdengarten
        Eric J. Aufdengarten #21289
        Associate General Counsel and
        Special Assistant Attorney General
        The University of Kansas
        245 Strong Hall, 1450 Jayhawk Blvd.
        Lawrence, Kansas 66045
        Tel: (785) 864-3276
        Fax: (785) 864-4617
        eja@ku.edu
        *Counsel for Defendant University of Kansas, School of Medicine*

## CERTIFICATE OF SERVICE

The undersigned counsel certifies that the above and foregoing was filed through the Court's CM/ECF filing system on the 19th day of July 2022, which generated a Notice of Electronic Filing to the following counsel of record:

    Alan V. Johnson
    Rebecca M. Henderson
    SLOAN, EISENBARTH, GLASSMAN,
    MCENTIRE & JARBOE, L.L.C.
    534 S. Kansas Ave., Suite 1000
    Topeka, KS 66603-3456
    Office: (785) 357-6311
    Fax:     (785) 357-0152
    *Counsel for Plaintiff*

        /s/ Eric J. Aufdengarten
        Eric J. Aufdengarten
        *Counsel for Defendant*