UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**ASHLEY LEWIS, M.D.**,

   Plaintiff,

   v.           Case No. 2:22-cv-02191

**UNIVERSITY OF KANSAS,
SCHOOL OF MEDICINE**,

   Defendant.

## PROTECTIVE ORDER

  The parties agree that it may be necessary during discovery to disclose certain confidential information relating to the subject matter of this action.   They agree that certain categories of such information should be treated as confidential, protected from disclosure outside this litigation, and used only for purposes of prosecuting or defending this action and any appeals.   The parties jointly request entry of a protective order to limit the disclosure, dissemination, and use of certain identified categories of confidential information.

  In support of the parties' request, they assert that protection of the identified categories of confidential information is necessary because Plaintiff has asserted claims of employment discrimination, retaliation, and hostile work environment against Defendant, an educational institution.   Specifically, Plaintiff alleges she experienced discrimination and retaliation while she was a resident in a post-graduate residency program for psychiatry.   Accordingly, the parties anticipate requests for and/or production of private and/or sensitive information in the course of discovery, including non-public financial records (including tax records) of parties and nonparties; medical information regarding patients treated during Plaintiff's residency and/or regarding

1

Plaintiff's own mental state (as relevant to her damages); personnel information concerning nonparties (including but not limited to performance evaluations, disciplinary information, investigations, and/or documents containing private and personally identifiable information); and education records concerning nonparties, including both residents and medical students, some of which may be protected from disclosure by federal statute.  The parties therefore assert that a protective order is necessary to protect both parties and nonparties from unnecessary embarrassment deriving from the public disclosure of highly personal, private, and sensitive information in which the general public has minimal interest.

For good cause shown under Fed. R. Civ. P. 26(c), the court grants the parties' Joint Motion for Entry of Protective Order (ECF 16) and enters the following Protective Order:

1.      **Scope.**   All documents and materials produced in discovery, including initial disclosures, discovery responses, deposition testimony and exhibits, and information derived therefrom (hereinafter, collectively, "documents"), are subject to this Order concerning Confidential Information as set forth below.   As there is a presumption in favor of open and public judicial proceedings in the federal courts, this Order will be strictly construed in favor of public disclosure and open proceedings wherever possible.

2.      **Definition of Confidential Information.**   As used in this Order, "Confidential Information" is defined as information that the producing party designates in good faith has been previously maintained in a confidential manner and should be protected from disclosure and use outside the litigation because its disclosure and use are restricted by statute or could potentially cause harm to the interests of the disclosing party or nonparties.   For purposes of this Order, the

parties will limit their designation of "Confidential Information" to the following categories of information or documents:

      (a)    confidential financial records, including tax records;

      (b)    medical information and/or records concerning both parties and nonparties;

      (c)    personnel information and records concerning nonparties; and

      (d)    education records concerning nonparties, including those protected from disclosure by the Family Educational Rights and Privacy Act (FERPA), 20 U.S.C. § 1232g; 34 CFR Part 99.

Information or documents that are available to the public may not be designated as Confidential Information.

    **3.**    **Form and Timing of Designation.**    The producing party may designate documents as containing Confidential Information and therefore subject to protection under this Order by marking or placing the words "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" (hereinafter, "the marking") on the document and on all copies in a manner that will not interfere with the document's legibility.   As used in this Order, "copies" includes electronic images, duplicates, extracts, summaries, or descriptions that contain the Confidential Information. The marking will be applied prior to or at the time the documents are produced or disclosed. Applying the marking to a document does not mean that the document has any status or protection by statute or otherwise except to the extent and for the purposes of this Order.   Copies that are made of any designated documents must also bear the marking, except that indices, electronic databases, or lists of documents that do not contain substantial portions or images of the text of marked documents and do not otherwise disclose the substance of the Confidential Information

are not required to be marked.   By marking a designated document as confidential, the designating attorney or party appearing *pro se* certifies that the document contains Confidential Information.

(a)    **FERPA compliance.** To comply with FERPA, Defendant will redact names and identifiers of all students other than Plaintiff prior to producing documents. If Plaintiff believes particular education records other than hers, or identification of students, are relevant to the claims or defenses of this case, she will identify the particular information at issue and the parties will confer in good faith regarding the need for the information before filing any motion with the court.   FERPA allows for disclosure of education records, without the consent of the student, upon a lawfully-issued subpoena or court order and reasonable notice to the affected student prior to disclosure of any education records.   If the parties reach agreement on the disclosure of education records or identification of students other than Plaintiff, the information will be produced after providing reasonable notice to the affected students.

4.    **Inadvertent Failure to Designate.**   Inadvertent failure to designate any document or material as containing Confidential Information will not constitute a waiver of an otherwise valid claim of confidentiality pursuant to this Order, so long as a claim of confidentiality is asserted within fifteen (15) days after discovering the inadvertent failure.

5.    **Depositions.**   Deposition testimony will be deemed confidential only if designated as such when the deposition is taken or within a reasonable time after receipt of the deposition transcript.   Such designation must be specific as to the portions of the transcript and/or any exhibits to be protected.

6. **Protection of Confidential Material.**

(a)    **General Protections.**   Designated Confidential Information must be used or disclosed solely for purposes of prosecuting or defending this lawsuit, including any appeals.

(b)    **Who May View Designated Confidential Information.**   Except with the prior written consent of the designating party or prior order of the court, designated Confidential Information may only be disclosed to the following persons:

(1)    The parties, including their employees, agents, and representatives;[1]

(2)    Counsel for the parties and their employees and agents;

(3)    The court and court personnel, including any special master appointed by the court, and members of the jury;

(4)    Court reporters, recorders, and videographers engaged for depositions;

(5)    Any mediator appointed by the court or jointly selected by the parties;

(6)    Any expert witness, outside consultant, or investigator retained specifically in connection with this litigation, but only after such persons have completed the certification contained in Attachment A, Acknowledgment and Agreement to be Bound;

(7)    Any potential, anticipated, or actual fact witness and his or her counsel, but only to the extent such confidential documents or information will assist the witness in recalling, relating, or explaining facts or in testifying, and only after such persons have completed the certification contained in Attachment A;

---

[1] If the confidential documents contain highly sensitive trade secrets or other highly sensitive competitive or confidential information, and disclosure to another party would result in demonstrable harm to the disclosing party, the parties may stipulate or move for the establishment of an additional category of protection (e.g., Attorneys' Eyes Only) that prohibits disclosure of such documents or information to that category or that limits disclosure only to specifically designated in-house counsel or party representative(s) whose assistance is reasonably necessary to the conduct of the litigation and who agree to be bound by the terms of the Order.

(8)     The author or recipient of the document (not including a person who received the document in the course of the litigation);

(9)     Independent providers of document reproduction, electronic discovery, or other litigation services retained or employed specifically in connection with this litigation; and

(10)    Other persons only upon consent of the producing party and on such conditions as the parties may agree.

**(c)    Control of Documents.**   The parties must take reasonable efforts to prevent unauthorized or inadvertent disclosure of documents designated as containing Confidential Information.

**7.     Filing Confidential Information.**   A party that seeks to file any document containing Confidential Information must take appropriate action to ensure that the document receives proper protection from public disclosure, such as: (a) filing a redacted document with the consent of the party who designated the document as confidential; or (b) seeking permission to file the document under seal by filing a motion for leave to file under seal in accordance with D. Kan. Rule 5.4.6.   Nothing in this Order will be construed as a prior directive to allow any document to be filed under seal.   Merely designating information as confidential pursuant to this Order is insufficient to satisfy the court's requirements for filing under seal in light of the public's qualified right of access to court dockets.   The parties understand that the requested documents may be filed under seal only with the court's permission after proper motion.   If the motion is granted and the requesting party is permitted to file the requested documents under seal, only counsel of record and unrepresented parties will have access to the sealed documents.   Pro hac vice attorneys must obtain sealed documents from local counsel.

8.     **Challenging a Confidential Designation.**     Any party may challenge the designation of any material or document as Confidential Information.   Before filing any motion or objection to a confidential designation, though, the objecting party must meet and confer in good faith to resolve the objection informally without judicial intervention.   A party that elects to challenge a confidentiality designation may file a motion that identifies the challenged material and sets forth in detail the basis for the challenge.   The burden of proving the necessity of a confidentiality designation remains with the party asserting confidentiality.   Until the court rules on the challenge, all parties must continue to treat the materials as Confidential Information.

9.     **Clawing Back Privileged Information.** The parties seek to produce documents and materials without risking waiver of any attorney-client privilege, work product or other applicable privilege or protection.   As such, the parties will adhere to the following procedures with regard to the production of privileged or protected material, should that occur:

(a)     The production of documents (including both paper documents and electronically stored information or "ESI") subject to protection from discovery by the attorney-client privilege and/or work product doctrine or by other protection shall not constitute a waiver of any privilege or other protection, provided that the producing party notifies the receiving party, in writing, of the production after its discovery of the same.

(b)     If the producing party notifies the receiving party that privileged or otherwise protected materials (hereinafter referred to as the "Identified Materials") have been produced, the Identified Materials and all copies of those materials shall be returned to the producing party or destroyed or deleted, on request of the producing party.   If the receiving party has any notes or other work product reflecting the contents of the Identified Materials, the receiving

7

party will not review or use those notes or work product unless a court later designates the Identified Materials as not privileged or not protected.

      **(c)**    The Identified Materials shall be deleted from any systems used to house the documents, including document review databases, e-rooms and any other location that stores the documents.  The receiving party may make no use of the Identified Materials during any aspect of this matter or any other matter, including in depositions or at trial, unless the documents have been designated by a court as not privileged or not protected.

      **(d)**    The contents of the Identified Materials shall not be disclosed to anyone who was not already aware of the contents before the producing party's notification of the Identified Materials for clawback.   The receiving party must take reasonable steps to retrieve the Identified Materials if the receiving party disclosed the Identified Materials before being notified of their clawback.

      **(e)**    If any receiving party is in receipt of a document from a producing party which the receiving party has reason to believe is privileged, the receiving party shall in good faith take reasonable steps to promptly notify the producing party of the production of that document so that the producing party may make a determination of whether it wishes to have the document returned or destroyed pursuant to this Protective Order.

      **(f)**    A receiving party that is required to return or destroy the Identified Materials may move the court for an order compelling production of some or all of the Identified Materials that were returned or destroyed, but the basis for such motion may not be the fact or circumstances of the production.  Before filing any such motion, the parties must meaningfully meet and confer.

(g)     The disclosure of Identified Materials in this action is not a waiver of the attorney-client privilege, work product doctrine or any other asserted privilege in any other federal or state proceeding, pursuant to Rule 502(d), Federal Rules of Evidence.

**10.     Using Confidential Documents or Information at Trial or Hearing.**  Nothing in this Order will be construed to affect the use of any document, material, or information at any trial or hearing.   A party that intends to present or anticipates that another party may present Confidential Information at a hearing or trial must bring that issue to the attention of the court and the other parties without disclosing the Confidential Information.   The court may thereafter make such orders as are necessary to govern the use of such documents or information at the hearing or trial.

**11.     Obligations on Conclusion of Litigation.**

(a)     **Order Remains in Effect.**   Unless otherwise agreed or ordered, all provisions of this Order will remain in effect and continue to be binding after conclusion of the litigation.

(b)     **Returning Confidential Documents.**   Within 30 days after this litigation concludes by settlement, final judgment, or final order, including all appeals, all documents designated as containing Confidential Information, including copies as defined above, must be returned to the party who previously produced the document unless:   (1) the document has been offered into evidence or filed without restriction as to disclosure; (2) the parties agree to destruction of the document to the extent practicable in lieu of return;[2] or (3) as to documents bearing the

---

[2] The parties may choose to agree that the receiving party must destroy documents containing Confidential Information and certify the fact of destruction, and that the receiving party is not required to locate, isolate, and return e-mails (including attachments to e-mails) that may

notations, summations, or other mental impressions of the receiving party, that party elects to destroy the documents and certifies to the producing party that it has done so.

(c)   **Retaining Work Product.** Notwithstanding the above requirements to return or destroy documents, counsel may retain attorney work product, including an index that refers or relates to designated Confidential Information, so long as that work product does not duplicate verbatim substantial portions of the text or images of designated documents.   This work product will continue to be confidential under this Order.   An attorney may use his or her own work product in subsequent litigation provided that its use does not disclose Confidential Information.

12.   **Modification.**   This Order may be modified by the court on its own motion or on motion of any party or any other person with standing concerning the subject matter.   The Order must not, however, be modified until the parties have been given notice and an opportunity to be heard on the proposed modification.

13.   **Enforcement.**   Even after the final disposition of this case, a party or any other person with standing concerning the subject matter may file a motion to seek leave to reopen the case for the limited purpose of enforcing or modifying the provisions of this Order.

14.   **No Prior Judicial Determination.**   This Order is entered based on the parties' representations and agreements for the purpose of facilitating discovery.   Nothing in this Order will be construed or presented as a judicial determination that any document or material designated

---

include Confidential Information, Confidential Information contained in deposition transcripts, or Confidential Information contained in draft or final expert reports.

as Confidential Information by counsel or the parties is entitled to protection under Fed. R. Civ. P. 26(c) or otherwise until such time as the court may rule on a specific document or issue.

15.     **Persons Bound.**   This Order will take effect when entered and is binding upon all counsel of record and their law firms, the parties, and persons made subject to this Order by its terms.

16.     **Applicability to Parties Later Joined.**   If additional persons or entities become parties to this lawsuit, they must not be given access to any Confidential Information until they execute and file their written agreement to be bound by the provisions of this Order.

17.     **Protections Extended to Third-Party's Confidential Information.** The parties agree to extend the provisions of this Protective Order to Confidential Information produced in this case by third parties, if timely requested by the third party.

18.     **Confidential Information Subpoenaed or Ordered Produced in Other Litigation.**   If a receiving party is served with a subpoena or an order issued in other litigation that would compel disclosure of any material or document designated in this action as Confidential Information, the receiving party must so notify the designating party, in writing, immediately and in no event more than three business days after receiving the subpoena or order.   Such notification must include a copy of the subpoena or court order.

The receiving party also must immediately inform in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is the subject of this Order, and deliver a copy of this Order promptly to the party in the other action that caused the subpoena to issue.

The purpose of imposing these duties is to alert the interested persons to the existence of this Order and to afford the designating party in this case an opportunity to try to protect its Confidential Information in the court from which the subpoena or order issued.   The designating party bears the burden and the expense of seeking protection in that court of its Confidential Information, and nothing in these provisions should be construed as authorizing or encouraging a receiving party in this action to disobey a lawful directive from another court.   The obligations set forth in this paragraph remain in effect while the party has in its possession, custody, or control Confidential Information designated by the other party to this case.

**IT IS SO ORDERED.**

Dated: September 13, 2022, at Kansas City, Kansas.

s/ Angel D. Mitchell
Angel D. Mitchell
U.S. Magistrate Judge

12

**ATTACHMENT A**

**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

The undersigned hereby acknowledges that he/she has read the Protective Order, attached hereto and dated September 13, 2022 in the case captioned *Ashley Lewis, M.D. v. University of Kansas, School of Medicin*e (Case No. 2:22-cv-02191), understands the terms thereof, and agrees to be bound by its terms. The undersigned submits to the jurisdiction of the United States District Court for the District of Kansas in matters relating to this Protective Order and understands that the terms of the Protective Order obligate him/her to use materials designated as Confidential Information in accordance with the order solely for the purposes of the above-captioned action, and not to disclose any such Confidential Information to any other person, firm, or concern, except in accordance with the provisions of the Protective Order.

The undersigned acknowledges that violation of the Protective Order may result in penalties for contempt of court.

Name: _____

Job Title: _____

Employer: _____

Business Address: _____

_____

Date: _____   _____
                              Signature